UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Paula Vlach, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Home Care of Lake County, Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger, | |
| Defendants. | |

COMES NOW Plaintiff, Paula Vlach ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, Home Care of Lake County ("Defendant Home Care"), Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger, (Collectively "Defendants"), and she alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is a former employee of Defendants. This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, and 29 U.S.C. § 216(b).

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees one and one half times their regular rate of pay for all time worked in excess of 40 hours in a regular workweek. See 29 U.S.C. § 207(a). Additionally, the FLSA prohibits employers from engaging in retaliatory conduct against current and/or former employees who seek unpaid wages pursuant to the FLSA. See 29 U.S.C. § 215(a).

**PARTIES**

3. At all material times, Plaintiff is an individual residing in Lake County, Ohio.

4. At all material times, Defendant Home Care was a corporation duly licensed to transact business in the State of Ohio. Defendant Home Care does business, has offices, and/or maintains agents for the transaction of its customary business in Lake County, Ohio.

5. At all relevant times, Plaintiff was an employee of Defendant Home Care. At all relevant times, Defendant Home Care, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Home Care. In any event, at all relevant times, Defendant Home Care was an employer subject to the FLSA and employed Plaintiff.

6. At all relevant times, Defendant Joel Lucia owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Home Care. At all

relevant times, Defendant Joel Lucia had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Home Care. In any event, at all relevant times, Defendant Joel Lucia was an employer subject to the FLSA and employed Plaintiff.

7. Jane Doe Lucia is the fictitious name for Defendant Joel Lucia's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Joel Lucia and Jane Doe Lucia have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

8. At all relevant times, Defendant David Lowe owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Home Care. At all relevant times, Defendant David Lowe had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Home Care. In any event, at all relevant times, Defendant David Lowe was an employer subject to the FLSA and employed Plaintiff.

9. Jane Doe Lowe is the fictitious name for Defendant David Lowe's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. David Lowe and Jane Doe Lowe have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

10. At all relevant times, Defendant Beth Debecv owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Home Care. At all

-3-

relevant times, Defendant Beth Debecv had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Home Care. In any event, at all relevant times, Defendant Beth Debecv was an employer subject to the FLSA and employed Plaintiff.

11. John Doe Debecv is the fictitious name for Defendant Beth Debecv's spouse. When his true name has been ascertained, this Complaint shall be amended accordingly. Beth Debecv and John Doe Debecv have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

12. At all relevant times, Defendant Carmen Ettinger owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Home Care. At all relevant times, Defendant Carmen Ettinger had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Home Care. In any event, at all relevant times, Defendant Carment Ettinger was an employer subject to the FLSA and employed Plaintiff.

13. John Doe Ettinger is the fictitious name for Defendant Carmen Ettinger's spouse. When his true name has been ascertained, this Complaint shall be amended accordingly. Carmen Ettinger and John Doe Ettinger have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

14. Upon information and belief, Defendants were and continue to be residents of Lake County, Ohio.

15. At all relevant times, Plaintiff was an "employee" of Defendants Home Care, Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger as defined by 29 U.S.C. § 203(e)(1).

16. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants Home Care, Inc., Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger.

17. At all relevant times, Home Care of Lake County, Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger were and continue to be employers as defined by 29 U.S.C. § 203(d).

18. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## NATURE OF THE CLAIM

22. Defendants own and/or operate as Home Care of Lake County, an enterprise located in Lake County, Ohio.

23. Plaintiff was employed by Defendants from approximately April 1, 2014, through approximately March 31, 2015, and had the job title "Office Manager."

24. For the entire duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

25. As a result of Defendants' failure to pay time and a half to Plaintiff for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

## FACTUAL BACKGROUND

26. Defendants hired Plaintiff in April 2014 and gave her the job title of "Office Manager."

27. Plaintiff terminated her employment in March 2015.

28. Plaintiff was a non-exempt employee.

29. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of her overtime hours. During this time, Plaintiff worked approximately sixty (60) hours per week, including routinely working through lunch periods.

30. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

31. Subsequent to terminating her employment with Defendants, Plaintiff hired The Bendau Law Firm to pursue unpaid wages, including, sending a formal demand letter to Defendants on approximately May 13, 2015. In doing so, Plaintiff engaged in statutorily protected conduct.

32. Defendants took adverse employment action against Plaintiff by attempting to block her from obtaining employment subsequent to leaving her employment with Defendants.

33. Defendants' attempts to block Plaintiff from obtaining employment occurred only after Plaintiff engaged in statutorily protected conduct, specifically, pursuing unpaid wages from Defendants.

34. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE AND/OR REFUSAL TO PAY OVERTIME**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

-7-

36. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

37. At all relevant times, Defendants employed Plaintiff, and Plaintiff was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

38. While employed by Defendants, Plaintiff regularly and consistently worked tens of hours of overtime per week, and Defendants did not pay to Plaintiff one-and-one-half times her regular rate of pay.

39. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

40. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

41. For example, during the workweek beginning September 8, 2014, Plaintiff was scheduled, and worked, for more than 40 hours. Defendants failed and/or refused to compensate Plaintiff at one-and-one-half times her regular rate of pay for all time she worked in excess of forty (40) hours.

42. Plaintiff believes and therefore avers that Defendants owe her similar unpaid overtime wages for all other pay periods for the duration of her employment.

43. Additionally, while employed by Defendants, Defendants regularly and consistently suffered or permitted Plaintiff to work overtime hours outside of normal

business hours and on weekends, yet Defendants did not pay Plaintiff any wage whatsoever for such time Plaintiff worked. As a result, Defendants additionally failed or refused to compensate Plaintiff one-and-one-half times her regular rate of pay for hours Plaintiff worked outside of normal business hours and on weekends.

44. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

45. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of her employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

46. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

47. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of her regular 40-hour workweek.

48. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

50. As a result of Defendants failure or refusal to pay Plaintiff a wage equal to one and one half times Plaintiff's regular rate of pay for work Plaintiff performed for Defendants in excess of her regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times her regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Paula Vlach, individually, requests that this Court enter Judgment against Defendants, Home Care of Lake County, Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger in her favor:

a. Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiff's regular rate while working at Home Care of Lake County.

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper.

## COUNT TWO: FLSA RETALIATION

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff hired The Bendau Law Firm on April 30th, 2015 in order to pursue unpaid wages.

53. On approximately May 13th, 2015, Plaintiff's counsel sent a demand letter to Defendants, advising Defendants of the FLSA violations and potential litigation.

54. In doing so, Plaintiff engaged in protected activity under the FLSA.

55. Plaintiff's counsel was in consistent communication with Defendants' counsel, and Defendants were aware of the allegations against them.

56. For example, on or about June 23, 2015, Defendants received a request for employment verification from one of Plaintiff's potential employers.

57. Prior to leaving her employment with Defendants, Plaintiff consistently received positive reviews praising her and the work she has done to turn around Defendants billing department.

-11-

58. Rather than complete the form as requested, Plaintiff's former supervisor, Defendant Carmen Ettinger, circled "No" as the answer to the section for "Eligible for rehire." Additionally, Defendant Carmen Ettinger handwrote, where there was no space for comments, that Plaintiff "left with no notice, took all passwords with her, threatening to sue us." Defendant Carmen Ettinger provided none of the requested information contained in the form.

59. Defendants provided this information for the sole purpose of retaliating against Plaintiff for pursuing unpaid wages, and to help ensure that she remained unemployed.

60. Upon information and belief, Defendants have provided similar employment references to at least one other potential employer in an attempt to prevent Plaintiff from securing employment.

61. In retaining The Bendau Law Firm and pursuing unpaid wages via a formal demand letter, Plaintiff engaged in statutorily protected activity pursuant to the FLSA.

62. Defendants' negative employment references about Plaintiff constitute adverse employment actions against Plaintiff by Defendants.

63. A causal connection exists between Defendants' negative employment references about Plaintiff and Plaintiff's having engaged in statutorily protected conduct under the FLSA.

64. Plaintiff, as a result of Defendants' retaliatory conduct, has subsequently been unable to procure employment since the termination of her employment, has been caused to

incur lost wages, has been caused to suffer loss of earning capacity, has been caused to suffer loss of earning potential, and has been caused to suffer severe emotional distress.

65. Such conduct therefore constitutes retaliation against Plaintiff for pursuing unpaid wages under the FLSA.

66. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3). Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages to the furthest extent of the law.

**WHEREFORE**, Plaintiff, Paula Vlach, respectfully requests that judgment be entered in her favor against Defendants, Home Care of Lake County, Joel Lucia, David Lowe, Beth Debecv, and Carmen Ettinger in her favor:

    a. Awarding compensatory damages in the amount of Plaintiff's lost wages subsequent to the termination of Plaintiff's employment at Home Care of Lake County.

    b. Awarding punitive damages in an amount to be determined by this Court or a jury;

    c. Awarding Plaintiff liquidated damages in an amount equal to the combined total of Plaintiffs' compensatory and punitive damages award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    e. For Plaintiff's costs incurred in this action;

    f.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    g.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all amounts from the date of such award until paid in full;

    h.  For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 1st Day of October 2015.

    THE BENDAU LAW FIRM, PLLC

    By: /s/ *Clifford P. Bendau, II*

    Clifford P. Bendau, II (OH #0089601)
    THE BENDAU LAW FIRM, PLLC
    6350 East Thomas Road, Suite 330
    Scottsdale, Arizona 85251
    Telephone: (480) 296-7887
    Facsimile: (480) 429-3679
    Email: cliffordbendau@bendaulaw.com
    Attorney for Plaintiff